Darrell A. PORTER, Appellant,

v.

Harry F. SCRIBNER, District Director, Internal Revenue Service, United States Treasury Department, United States of America, Appellee.

Elwood PHILLIPS, Appellant,

v.

Harry F. SCRIBNER, District Director, Internal Revenue Service, United States Treasury Department, United States of America, Appellee.

Nos. 153–70, 154–70.

United States Court of Appeals, Tenth Circuit.

Aug. 26, 1970.

---

* Sitting by designation.

John Ziegelmeyer and Robert Wooton, Kansas City, Kan., for appellants.

Before LEWIS, Chief Judge, and PICKETT and HICKEY, Circuit Judges.

## PER CURIAM.

Plaintiff Porter operates a cafe in Kansas City, Kansas. In 1968, the Internal Revenue Service determined that $755.21 was due from plaintiff as taxes and penalties resulting from the operation of coin-operated gaming devices, pinball machines, on the premises, under 26 U.S.C. § 4461(a). In January 1969, the IRS executed a lien upon taxpayer's bank account, collecting $729.04. On the ground that collection of the tax amounted to compulsory self-incrimination under Kansas anti-gambling statutes and certain city ordinances, discussed *infra*, Porter filed a complaint in the federal district court for refund of the amount already collected, and for an injunction against future collection of the gaming device tax under 26 U.S.C. § 4461(a). Thereafter, plaintiff Phillips filed a complaint for like relief, on substantially identical grounds. Upon motion of plaintiffs, the cases were consolidated for hearing and determination.

Granting the government's motion to dismiss, the district court found, as to the claim for refund, no indication plaintiffs had filed claims for refund with the Secretary of the Treasury, as required by 26 U.S.C. § 7422(a), and held that absent such filing, it was without jurisdiction to act upon the claim. The court also denied injunctive relief, finding no constitutional infirmity in the gaming device tax imposed by § 4461(a), and thus no ground to override the prohibition of 26 U.S.C. § 7421(a) against suits to enjoin the collection of federal taxes.

Relying upon Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968) Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968), and Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968), plaintiffs assert that payment or collection of the federal tax imposed upon pinball machines will render them liable to prosecution under anti-gambling statutes of the State of Kansas and certain ordinances of Kansas City, Kansas, and will lead to revocation by the city of their licenses to do business there.

As the Kansas Supreme Court stated in Grigsby v. Mitchum, 191 Kan. 293, 380 P.2d 363 (1963), cert. denied, 375 U.S. 966, 84 S.Ct. 483, 11 L.Ed.2d 415, "Both the state legislature and this court have made it clear that gambling is illegal in Kansas." 380 P.2d at 366. There the court upheld, as within the police power of the city, the Kansas City, Kansas, ordinance which creates plaintiffs' apparent dilemma. The ordinance requires that any person displaying for public patronage any coin-operated amusement device, defined to include pinball machines, shall obtain a license from the city. However, "[n]o license shall be issued to any applicant, and the license if issued shall be revoked, whenever the applicant or owner has paid a $250.00 current federal occupational tax for the use * * * [of] a coin-operated amusement or gaming device" under 26 U.S.C. § 4462. Under Article IV, § 30–53 of the ordinances, payment of such tax is itself unlawful.

Whatever the likelihood that plaintiffs face state criminal prosecution or revocation of their licenses under

the foregoing provisions, their claim of compulsory self-incrimination does not support the relief sought here. In Marchetti, supra, the Court stated thus:

"The issue before us is *not* whether the United States may tax activities which a State or Congress has declared unlawful. The Court has repeatedly indicated that the unlawfulness of an activity does not prevent its taxation, and nothing that follows is intended to limit or diminish the vitality of those cases. See, e. g., License Tax Cases, 72 U.S. 462, 5 Wall. 462, 18 L.Ed. 497.

\*　\*　\*　\*　\*　\*

"Accordingly, nothing we do today will prevent either the taxation or the regulation by Congress of activities otherwise made unlawful by state or federal statutes." 390 U.S. at 44, 60, 88 S.Ct. 697, 708, 19 L.Ed.2d 889. [Emphasis supplied by the Court.]

■ Accordingly, the fact that the city of Kansas City, Kansas, may revoke plaintiffs' licenses upon payment, willing or not, of the federal gaming device tax does not and cannot render the tax unlawful, and the ordinance prohibiting payment of the tax amounts to no more than a prohibition of the activities subject to taxation thereunder. This, likewise, cannot affect plaintiffs' liability to the United States.

The district court correctly denied injunctive relief as required by 26 U.S.C. § 7421(a). In Enochs v. Williams Packing & Navigation Co., Inc., 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962), the Court stated thus:

"The manifest purpose of § 7421(a) is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund. In this manner the United States is assured of prompt collection of its lawful revenue. Nevertheless, if

it is clear that under no circumstances could the Government ultimately prevail, the central purpose of the Act is inapplicable and \* \* \* the attempted collection may be enjoined if equity jurisdiction otherwise exists. In such a situation the exaction is merely in 'the guise of a tax.'

"\* \* \* Only if it then is apparent [at the time of the suit] that, under the most liberal view of the law and the facts, the United States cannot establish its claim, may the suit for injunction be maintained. Otherwise, the District Court is without jurisdiction, and the complaint must be dismissed. To require more than good faith on the part of the Government would unduly interfere with a collateral objective of the Act—protection of the collector from litigation pending a suit for refund. \* \* \* Thus, in general, the Act prohibits suits for injunctions barring the collection of federal taxes when the collecting officers have made the assessment and claim that it is valid. \* \* \*" 370 U.S. at 7–8, 82 S.Ct. at 1129.

Plainly, plaintiffs are not entitled to an injunction against future collection of the gaming device tax. Likewise, they are not entitled to maintain a suit for refund in the district court under 26 U.S.C. § 7422(a).

Appellants were notified that the court was considering summary affirmance, and took the opportunity afforded them to file a brief addressing the merits of their cause. Examination of the file and records in this cause convinces us that the questions upon which their right to the claimed relief depends are so unsubstantial as not to warrant further argument.

Accordingly, the judgment of the district court is affirmed on the court's own motion, pursuant to Rule 8 of the Revised Rules of this court, effective January 1, 1970.