STILLWATER GOLF AND COUNTRY CLUB, INC., Plaintiff,

v.

The UNITED STATES of America, Defendant.

No. Civ–75–0927.

United States District Court, W. D. Oklahoma.

Feb. 28, 1977.

Clee Fitzgerald, Fitzgerald, Houston & Worthington, Stillwater, Okl., for plaintiff.

David L. Russell, U. S. Atty. and O. B. Johnston, III, Asst. U. S. Atty., Oklahoma City, Okl., Lynn Ross, Jr., Dallas, Tex., for defendant.

## ORDER

RALPH G. THOMPSON, District Judge.

This is an action for a refund of federal occupational taxes on coin-operated gaming devices paid by plaintiff in the total amount of $4,916.40 for plaintiff's taxable years ending June 30, 1973, 1974 and 1975.

The plaintiff is an Oklahoma corporation with its principal place of business in Stillwater, Oklahoma. During the taxable years mentioned the plaintiff owned and operated eight slot machines. These slot machines are "coin-operated amusement or gaming devices" as defined by 26 U.S.C. § 4462(a)(2) which provides that the term "coin-operated amusement or gaming device" means:

"so-called 'slot' machines which operate by means of insertion of a coin, token, or similar object and which, by application of the element of chance, may deliver, or entitle the person playing or operating the machine to receive cash, premiums, merchandise, or tokens."

The previous section, section 4461, provides a tax of $250 a year to be paid by every person who maintains for use or permits the use of, on any place or premises occupied by him, such a device.

In August, 1974, the plaintiff's place of business was burglarized and two of the slot machines were stolen and the other six machines were damaged. During the investigation of the burglary, the police confiscated and later destroyed the six damaged machines. Subsequently, the plaintiff filed claims and amended claims for refund of the occupational tax which had been paid on these slot machines. The plaintiff's position was that the tax imposed by 26 U.S.C. § 4461(a)(2) is unconstitutional. Plaintiff's claims for refunds, as amended, were denied by the government and this suit followed.

The parties are in agreement as to the facts and have both moved for Summary Judgment. The issue that the Court must decide is whether the tax imposed by 26 U.S.C. § 4461(a)(2) is within or beyond the power of Congress to tax provided by Article I, Section 8, Clause 1 of the United States Constitution.

The plaintiff maintains that where the possession of slot machines is legal, a tax imposed on such machines by the federal government would be a legitimate means of collecting revenue. However, the plaintiff asserts that there is no constitutional basis

for the taxing of criminal activity. The setting up or operation of a slot machine is made a criminal activity by the laws of the State of Oklahoma. 21 O.S.1971, §§ 944 and 964 through 977.

■ The United States Supreme Court "has repeatedly indicated that the unlawfulness of an activity does not prevent its taxation . . . " *Marchetti v. United States*, 390 U.S. 39, at 44, 88 S.Ct. 697, at 700, 19 L.Ed.2d 889 (1968) citing the *License Tax Cases*, 5 (72 U.S.) Wall. 462, 18 L.Ed. 497 (1867). See also *Porter v. Scribner*, 430 F.2d 1305 (10th Cir. 1970). This Court concludes that the mere fact that a state has established that the possession or setting up of such machines constitutes a violation of state laws does not establish that the federal tax imposed by Congress on persons maintaining such machines on their premises is other than the collection of revenue for the promotion of the general welfare.

The plaintiff next argues that because the United States Supreme Court in *Marchetti v. United States*, supra, and *Grosso v. United States*, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968) held that the Fifth Amendment privilege against self-incrimination is a complete defense to a prosecution for failure to register and pay occupational tax on wagering, the same should apply to the paying of the fee imposed upon slot machines. The plaintiff then reasons that:

> "An individual is not liable for the taxes until he is actually caught and convicted for violating the gambling laws. Thus the tax becomes a penalty in addition to the state penalty once the individual is discovered to have engaged in the criminal activity." (Plaintiff's brief, p. 4.)

■ It should first be pointed out that any right against self-incrimination is not an issue in this case. This is a civil action for recovery of taxes which have been paid. A clear reading of both *Marchetti* and *Grosso*, supra, will indicate that a person's Fifth Amendment claims have no effect on the civil liability for the tax itself. *Washington v. United States*, 402 F.2d 3 (4th Cir. 1968). The mere fact that a taxpayer would wait to pay an otherwise properly imposed federal tax until he is caught and convicted of violating a state law would not turn the taxation into a penalty. A taxpayer in a state where the possession or setting up of a slot machine is not a violation of the state law would experience no such problem in paying the federal tax. Plaintiff has shown no authority or reasoning which would convince this Court that the power of Congress under the Constitution to impose a tax should depend on the legislature of a particular State declaring an activity lawful or unlawful.

■ Next, the plaintiff reasons that, because 26 U.S.C. § 4901(a) makes the payment of such tax a condition precedent to the carrying on of the business of operating coin-operated gaming devices, the statute is a "tacit approval of activities made criminal by the state legislature". The plaintiff reasons that this is a clear inroad on powers preserved to the states by the Tenth Amendment to the United States Constitution. This issue was settled by the United States Supreme Court in 1867. In the *License Tax Cases*, 5 (72 U.S.) Wall. 462, 18 L.Ed. 497 (1867), the Court stated:

> "The granting of a license, therefore, must be regarded as nothing more than a mere form of imposing a tax, and of implying nothing except that the licensee shall be subject to no penalties under national law, if he pays it."

The Court went on to say:

> "Nor are we able to perceive the force of the objection made in argument, that the dealings for which licenses are required being prohibited by the laws of the State, cannot be taxed by the National Government. There would be great force in it if the licenses were regarded as giving authority, for then there would be a direct conflict between national and state legislation on a subject which the Constitution places under the exclusive control of the States.
>
> But, as we have already said, these licenses give no authority. They are mere receipts for taxes."

Therefore, the Court holds that the tax in question is constitutional and the plaintiff's claim for refund is denied. The defendant's Motion for Summary Judgment is granted.

It is so ordered this 28th day of February, 1977.